**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| Y. LYNN HELBING, ) | |
|  ) | |
| Plaintiff, ) | |
|  ) | |
| vs. ) | Case No. 2:11CV42MLM |
|  ) | |
| RACHEL BRINGER, ) | |
|  ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is the Motion to Dismiss filed by Defendant Rachel Bringer ("Defendant"). Doc. 6.  Plaintiff Y. Lynn Helbing ("Plaintiff") has filed a Response. Doc. 12.  Defendant has filed a Reply. Doc. 15. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c). Doc. 11.

**LEGAL STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (citing Twombly, 550 U.S. at 555).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555). See also Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) ("[A]n allegation in any negligence claim that the defendant acted as plaintiff's 'employer' satisfies Rule 8(a)(2)'s notice pleading requirement for this element.").

> Further,  in regard to a Rule 12(b)(6) motion, the Supreme Court holds:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 550 U.S. at 555-56. See also Gregory v. Dillard's, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citation omitted).  "The issue

2

is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To the extent it has been argued that Twombly is applicable only in the anti-trust context, the Court in Iqbal, 129 S.Ct. 1937, made it clear that Twombly is applicable in a broader context.

In civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

## BACKGROUND

Plaintiff alleges in her Complaint that: she was employed by the Tenth Judicial Circuit for the State of Missouri as the secretary for the presiding judge for over twenty years; that she worked in this job without incident or discipline until Defendant was appointed to the position of presiding judge for the Tenth Judicial Circuit in December 2010; that, since Defendant was appointed, Defendant repeatedly berated and criticized Plaintiff and falsely accused her of misconduct; that, as a result of Defendant's conduct in this regard, Plaintiff was required to take leave under the Family and Medical Leave Act ("FMLA") on February 15, 2011, due to the deterioration of Plaintiff's physical and mental health; that, on May 27, 2011, Defendant fired Plaintiff; that Court Operating Rule 7 B.11.4 provides that Circuit Court employees such as Plaintiff can be dismissed "only for just cause"; that Court Operating Rule 7 B.114(c)(3) provides that when a regular Circuit Court employee is dismissed, the appointing authority must provide the employee "with written notice advising the employee of the intent to dismiss, the effective date of the dismissal, the reasons for the dismissal, and the employee's right to appeal"; that Court Operating Rule 7 B.11.4(c)(3) also provides that the "effective date of the dismissal shall be no less than five working days from the date written notice is provided to the

employee"; that, when Plaintiff was discharged, she was not provided with written notice of Defendant's intent to dismiss her at least five working days in advance of the effective date of the dismissal, the reasons for the dismissal, a pre-termination hearing, or notice of her right to appeal; and that Defendant refused to meet with Plaintiff with her attorney present to discuss the allegations of misconduct made by Defendant against Plaintiff. Doc. 1, ¶¶ 6-14.

Plaintiff alleges in Count I, that Defendant's conduct violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that Defendant failed to comply with the procedural requirements of Court Operating Rule 7 B.11.4.  In Count II, Plaintiff alleges that Defendant violated Plaintiff's Substantive Due Process rights as established by the Fourteenth Amendment in that Defendant failed to comply with the requirements of Court Operating Rule 7 B.11.4.  Plaintiff brings Counts I and II pursuant to 42 U.S.C. § 1983.  In Count III, Plaintiff alleges that Defendant violated the FMLA, 29 U.S.C. § 2615, in that Defendant retaliated against Plaintiff for exercising her rights under the FMLA.  In Count IV, Plaintiff alleges that Defendant violated the Due Process Clause of the Missouri Constitution.  In Count V, Plaintiff alleges Intentional Infliction of Emotional Distress pursuant to Missouri law. Doc. 1.  Plaintiff sues Defendant only in her individual capacity. Doc. 1, ¶ 2.

**DISCUSSION**

As stated above, in Counts I and II of her Complaint, Plaintiff alleges violations of her constitutional rights as established by the Fourteenth Amendment based on Defendant's failure to comply with Court Operating Rule 7 B.11.4.  Defendant argues that Counts I and II should be dismissed because Plaintiff's claims are barred by the Eleventh Amendment; that Counts I, II, and IV should be dismissed because they are moot as Plaintiff is being afforded a pre-termination review

4

hearing; that Counts I, II, and IV should be dismissed because a fundamental element of a due process claim is "state action" and this element can not be satisfied as Defendant is sued in her individual capacity; and that Count III, Plaintiff's FMLA claim, should be dismissed because it is barred by the Eleventh Amendment because Defendant is a public employee and because Defendant is not an "employer" for purposes of the FMLA. Defendant also asks the court to decline to assert jurisdiction over Plaintiff's State law claims in the event it find that her Motion to Dismiss should be granted in regard to Plaintiff's claims over which the court has original jurisdiction. Plaintiff contends that the Eleventh Amendment does not barr any of Plaintiff's claims; that her due process claims are not moot; that she has stated a claim against Defendant, in her individual capacity, under the FMLA; and that the court should not decline to assert its supplemental jurisdiction over her State law claims.

**A.     Counts I and II - Due Process - Application of the Eleventh Amendment:**

The Eleventh Amendment bars private parties from bringing actions for damages against unconsenting states in federal courts. Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir.1999); see also Quern v. Jordan, 440 U.S. 332, 345 (1979) (ruling that 42 U.S.C. § 1983 does not abrogate a state's Eleventh Amendment immunity). Even when State officials are sued in their individual capacities, as in the matter under consideration, the Eleventh Amendment applies if "the State itself will have a continuing interest in the litigation, [because] state policies or procedures are at stake." Idaho v. Coeur d'Arlene Tribe of Idaho, 521 U.S. 261, 269 (1997). Plaintiff's claims in Counts I and II clearly implicate State policy and procedure as they are premised on Defendant's alleged failure to comply with Court Operating Rule 7 B.11.4. Significantly, any judgment against Defendant, in her individual capacity, based on Counts I or II would, at the very least, "interfere with public administration." Pennhurst State Sch. & Hosp. v. Haldeman, 465 U.S. 89, 101 (1984) (quoting Ford

5

Motor Co. v. Dept. of Treasury, 323 U.S. 459, 464 (1945)).  Thus, Plaintiff's suing Defendant in her individual capacity in Counts I and II does not preclude the application of Eleventh Amendment immunity. Idaho, 521 U.S. at 270 ("The real interest[s] served by the Eleventh Amendment are not to be sacrificed to elementary mechanics of captions and pleadings.").

Moreover, although Plaintiff alleges in her Complaint that she is only suing Defendant in her individual capacity, Plaintiff states in her Memorandum in Opposition to Defendant's Motion to Dismiss, that "[o]f course, in this case [Defendant] was acting pursuant to her judicial authority when she fired [Plaintiff]." Doc. at 6.  The court finds, therefore, despite Plaintiff's suing Defendant in her individual capacity, that Defendant is entitled to Eleventh Amendment immunity in regard to Counts I and II. See Idaho, 521 U.S. at 269; Haldeman, 465 U.S. at 101. As such, the court finds that Defendant's Motion to Dismiss should be granted as to Counts I and II.[1]

**B.     Count III - FMLA - Application of the Eleventh Amendment**:

In Count III Plaintiff alleges that Defendant terminated her in retaliation for exercising her rights under the FMLA when she took FMLA leave for her *own serious medical condition*.  Although the Supreme Court held in Nevada Department of Human Resources v. Hibbs, 538 U.S. 721 (2003), that Congress abrogated state sovereign immunity with regard to the family-care provision of the FMLA, 29 U.S.C. § 2612(a)(1)(A)-(C), the Court did not apply that finding to the self-care provisions of the FMLA,§ 2612(a)(1)(D).  Additionally, the Eighth Circuit holds that provisions of the FMLA which address one's own serious health conditions are not a valid exercise of Congress's power under Section Five of the Fourteenth Amendment to abrogate sovereign immunity of states. Townsel v.

---

[1] The court need not address Defendant's argument that Counts I and II are moot as the court has found that Counts I and II should be dismissed, as discussed above.

Missouri, 233 F.3d 1094, 1095 (8th Cir. 2000). See also Brockman v. Wyoming Dep't of Family Servs., 342 F.3d 1159, 1165 and 1165 n.3 (10th Cir. 2003) ("Because the Supreme Court's analysis in Hibbs turned on the gender-based aspects of the FMLA's § 2612(a)(1)(C), the self-care provision in subsection (D) is not implicated by that decision.") (citing Townsel, 233 F.3d at 1095); Touvell v. Ohio Dept. of Mental Retardation and Developmental Disabilities, 422 F.3d 392, 400 (6th Cir. 2005) ("We do not believe that Hibbs undermines the holdings of the First, Second, Fourth, Tenth, and Eleventh Circuits that the self-care provision of the FMLA is unconstitutional insofar as it purports to abrogate state sovereign immunity."). Further, a State employer does not waive its Eleventh Amendment immunity merely because it offers FMLA leave to its employees. Quinette v. Iowa, 2011 WL 2637604, *1 (8th Cir. July 7, 2011) (citing McKlintic v. 36th Judicial Circuit Court, 508 F.3d 875 (8th Cir.2007) (per curiam)).

      The Eleventh Amendment is applicable to State officials who are sued in their official capacity. Plaintiff sues Defendant in her individual capacity rather than her official capacity in all Counts. The court has found above, in regard to Counts I and II, that even though Plaintiff frames her cause of action against Defendant as being in Defendant's individual capacity, this designation is not controlling because State procedures are at stake and because any judgment against Defendant in her individual capacity will have an effect on public administration. See Idaho, 521 U.S. at 269; Pennhurst, 465 U.S. at 101. Significantly, Plaintiff alleges that Defendant was "the appointing authority" and that she terminated Plaintiff. Doc. 1, ¶¶7, 10. Plaintiff, however, also alleges that she was an employee of the Tenth Judicial Circuit and, as discussed above, acknowledges that Defendant acted pursuant her judicial authority when she terminated Plaintiff. Doc. 1, ¶ 6. The court finds, therefore, that Plaintiff's stating that she is suing Defendant in her individual capacity is not controlling and that Defendant is

entitled to Eleventh Amendment Immunity in regard to her FMLA claim in Count III. See Idaho, 521 U.S. at 269; Pennhurst, 465 U.S. at 101.  As such, the court finds that Count III should be dismissed. See Twombly, 550 U.S. at 555; Gregory, 565 F.3d at 473.[2]

**D.      Counts IV and V - Plaintiff's State Law Claims:**

Plaintiff's only remaining claims, therefore, are her due process claim, in Count IV, brought pursuant to the Missouri Constitution, Art. I, § 10, and her claim, in Count V, for intentional infliction of emotional distress pursuant to Missouri law.  28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction.  Plaintiff argues that the court should not decline to exercise supplemental jurisdiction because she would be required to pursue duplicative litigation.  The court has found, however, that the claims over which it has original jurisdiction should be dismissed.  As such, Plaintiff will not be required to pursue duplicative litigation. Doc. 12 at 11.  This court, therefore, declines to exercise supplemental jurisdiction over Plaintiff's pendent claims as all claims over which it has original jurisdiction will be dismissed. See Franklin v. Zain, 152 F.3d 783, 785 (8th Cir. 1988).[3]

## CONCLUSION

---

[2]      In some circumstance a public official, in her individual capacity, can be an "employer" within the meaning of the FMLA, § 2611(4)(A). See Darby v. Bratch, 287 F.3d 673, 681 (8th Cir. 2002).  This authority, however, is not applicable in the matter under consideration where the court has found that Plaintiff's stating that she is suing Defendant in her individual capacity is not controlling.

[3]      The court notes, as argued by Defendant, that the due process requirement of the Missouri Constitution, Art. I, § 10, "is a protection against state governmental action through executive, legislative or judicial authority." Fed. Nat. Mortg. Ass'n v. Howlett, 521 S.W.2d 428, 439 (Mo. 1975) (en banc) (citations omitted).  As such, Art. 1, § 10 "is not applicable to acts of individuals as they affect rights of other individuals." Id.  Plaintiff in the matter under consideration does not allege State action but rather the action of Defendant in her individual capacity.  Nonetheless, this is a matter that the court need not decide.

For the reasons more fully set forth above, the court finds that Defendant's Motion to Dismiss should be granted as to Counts I, II, and III of Plaintiff's Complaint. Further, the court declines to exercise its supplemental jurisdiction over Plaintiff's State claims in Counts IV and V. As such, the court will dismiss Plaintiff's Complaint in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; Doc. 6

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of September, 2011.